# EXHIBIT A

# State Court Documents

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | COURT OF COMMON PLEAS |
| Kimberley Clogston, | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| v. | ) | |
| The Blood Connection, Inc., | ) | |
| Defendant. | ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 307 Pettigru Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Kimberley Clogston*

March 14, 2018

ELECTRONICALLY FILED - 2018 Mar 14 11:17 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2301553

ELECTRONICALLY FILED - 2018 Mar 14 11:17 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2301553

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THIRTEENTH JUDICIAL CIRCUIT |
| | ) | |
| COUNTY OF GREENVILLE | ) | COURT OF COMMON PLEAS |
| | ) | |
| Kimberley Clogston, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| The Blood Connection, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kimberley Clogston ("Clogston" or "Plaintiff") brings this claim against Defendant The Blood Connection, Inc. ("Defendant") based on the allegations set forth below.

## NATURE OF THE CLAIMS

1. This action is brought for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES, JURISDICTION, AND VENUE

2. Clogston is a citizen and resident of the County of Greenville, South Carolina.

3. Defendant The Blood Connection, Inc. is a South Carolina corporation that is doing business in South Carolina. Defendant's headquarters is located in Greenville County, and Defendant does business and provides services in Greenville County. Therefore, venue is proper in Greenville County, and this court has personal jurisdiction over Defendant.

4. This Court has subject matter jurisdiction over the claims in this lawsuit under article V § 11 of the South Carolina Constitution and South Carolina Code § 14-5-350, and pursuant to 29 U.S.C. § 216(b).

## FACTS

5. Clogston worked for Defendant for nearly fifteen years. Starting in September 2016, she worked as a phlebotomy trainer on behalf of Defendant until her termination in November 2017.

6. Clogston was paid on an hourly basis and was classified by The Blood Connection as non-exempt from overtime pay. Clogston does not meet the criteria for any of the exemptions (professional, executive, or administrative exemptions) under the FLSA.

7. She regularly worked more than forty hours per work week by spending several hours working at home per week on behalf of Defendant and with Defendant's knowledge, above and beyond her regular forty hours per week at the office.

8. Defendant deliberately failed to pay her overtime for those hours she worked over forty in a given workweek.

## CAUSE OF ACTION
### (Fair Labor Standards Act—Failure to Pay Overtime)

9. Plaintiff incorporates by reference all prior allegations into this cause of action.

10. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000.00 and has employees engaged in interstate commerce. In addition, Clogston is a covered employee under the FLSA because she was involved in interstate commerce on a regular basis during her employment with Defendant.

11. Clogston routinely worked in excess of forty (40) hours per workweek for Defendant.

12. Defendant failed to pay Clogston at the rate of one-and-a-half times her regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

13. Clogston is entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

14. The failure of Defendant to compensate Clogston for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

15. Clogston is also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to her under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

16. Clogston is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

17. The work and pay records of Plaintiff is in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order of this Court requiring Defendant to preserve such records during the pendency of this action.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

a. A declaratory judgment that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA, and have deprived Plaintiff of her right to such compensation;

b. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation to which Clogston is entitled;

ELECTRONICALLY FILED - 2018 Mar 14 11:17 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2301553

c. An award of monetary damages to Clogston in the form of back pay for unpaid overtime compensation due, together with liquidated damages in an equal amount;

d. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

e. Pre-judgment interest;

f. Attorneys' fees and costs; and

g. Award Plaintiff such other legal and equitable relief as this Court may deem proper.

Respectfully Submitted,

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
The Horton Law Firm, P.A.
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Kimberley Clogston*

March 14, 2018